NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAHLIA LOCKHART,

Plaintiff-Appellant,

v.

TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., a Delaware corporation; et
al.,

Defendants-Appellees.

No.    23-15872

D.C. No. 2:20-cv-00938-JJT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 1, 2024**
Phoenix, Arizona

Before:  HAWKINS, BADE, and DESAI, Circuit Judges.

Plaintiff Dahlia Lockhart appeals the district court's grant of summary

judgment on her claims for strict liability and negligence for a hand injury caused

by a leaf blower. She also appeals sanctions the district court imposed on her for

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failing to timely serve Federal Rule of Civil Procedure 26 disclosures. We affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review orders granting motions for summary judgment de novo. *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). We review orders imposing sanctions for an abuse of discretion. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

1.      Lockhart's strict liability claims fail because there is no genuine issue of material fact about the dangerousness of the product. Lockhart brings strict liability claims based on two theories: design defect and manufacturing defect. To prove a design defect, a plaintiff must show that the product was in an unreasonably dangerous condition when it left the defendant's control. *See Golonka v. Gen. Motors Corp.*, 65 P.3d 956, 962 (Ariz. Ct. App. 2003). To show a manufacturing defect, a plaintiff must prove that something went wrong during the manufacturing process and that, as a result, the product failed to perform as safely as an ordinary consumer would expect. *Id.*; *Gomulka v. Yavapai Mach. & Auto Parts, Inc.*, 745 P.2d 986, 988–89 (Ariz. Ct. App. 1987). Lockhart has presented no evidence relevant to the risks and benefits of the product to prove it was in an unreasonably dangerous condition. *See Gomulka*, 745 P.2d at 989 (stating that one way to determine whether a product is unreasonably dangerous is by conducting a risk/benefit analysis). She has also presented no evidence that anything went wrong

during the manufacturing process. Lockhart's expert report does not create a genuine issue of material fact because, although it analyzes the source of the apparent failure in the leaf blower, it does not present evidence relevant to the risk/benefit analysis for the product. *See Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) ("Mere allegation and speculation do not create a factual dispute for purposes of summary judgment." (alteration omitted) (quoting *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996))). Lockhart's strict liability claims thus fail.

2. Lockhart's negligence claims fail because there is no genuine issue of material fact about defendants' conduct or knowledge at the time the leaf blower was manufactured. Lockhart alleges negligent design and negligent failure to warn. To prove negligent design, a plaintiff must show that "the manufacturer acted unreasonably at the time of design or manufacture in light of the foreseeable risk of injury from use of the product." *Golonka*, 65 P.3d at 962. To prove negligent failure to warn, a plaintiff must show that the defendant had a duty to warn consumers about the product's dangerousness because the product's risk was known or knowable. *Powers v. Taser Int'l, Inc.*, 174 P.3d 777, 783 (Ariz. Ct. App. 2007). Nothing in the record shows what a reasonably prudent manufacturer would have known regarding the safety of the materials used to make the leaf blower. Lockhart has also presented no evidence that the alleged inadequacy of any warning caused her injury. Lockhart's negligence claims thus fail.

3.	The district court did not abuse its discretion by imposing sanctions on Plaintiff for failing to serve Rule 26 disclosures. Federal Rule of Civil Procedure 26(a)(3) governs pretrial disclosures and requires that each party provide "the name and, if not previously provided, the address and telephone number of each witness" as well as "an identification of each document or other exhibit." Fed. R. Civ. P. 26(a)(3)(A)(i), (iii). Courts have discretion to order sanctions for violations of Rule 26, including by "order[ing] payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A), (C). Because Lockhart failed to timely serve Rule 26 disclosures, the district court did not abuse its discretion by imposing a monetary sanction of a portion of defendants' attorneys' fees. Lockhart argues that any failure to disclose was cured by her ultimate disclosures, which did not include new information. But the district court was entitled to manage its case schedule, and Lockhart provided no good cause for her extended failure to disclose even after acknowledging the missed deadline. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (addressing failure to disclose witnesses and finding "[d]isruption to the schedule of the court and other parties . . . is not harmless.").

**AFFIRMED.**

4